

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5647
Re: (1) Service station exemption
from chain store tax law (Art-
icle 1111l V. A. P. C.) (2)
Applicability of chain store
tax to new establishments.

  In your letter of September 28, 1943, you submitted
two questions relative to the chain store tax law (Article
1111d V. A. P. C.) for the opinion of this department. We
quote the first of these questions from a letter written to
you by Honorable Wm. H. Burges:

  "In that clause of the law applicable to
the sale, at retail, of lumber or building mater-
ials, the 75 per cent of the gross proceeds of
business done is determined by what was done dur-
ing the preceding calendar year. The provision
affecting the sale of petroleum products does not
contain the language fixing the period for deter-
mining the amount of tax due as the 'preceding
calendar year.' The question arises in my mind
as to whether the use of the term 'preceding cal-
endar year' as to the lumber business, and the
omission of the term 'preceding calendar year'
from the clause providing for the exemption of
service stations, where 75 per cent of the gross
revenue comes from the sale of petroleum products,

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. H. Sheppard, Page 2

authorizes the subdivision of the year, or whether the term 'preceding calendar year' applies both to lumber and building materials, and petroleum products."

Section 5 of Article 1111d, V. A. P. C., after levying a license fee on persons opening, establishing, operating or maintaining one or more stores or mercantile establishments within this State under the same general management or ownership, provides:

"Provided that the terms, 'store, stores, mercantile establishment or mercantile establishments' wherever used in this Act shall not include: any wholesale and/or retail lumber and/or building material place of business, provided as much as seventy-five (75) per cent of the gross proceeds of the business done each preceding calendar year at such place of business is derived from the sale of lumber and/or building material . . . and any place of business commonly known as a gasoline filling station, service station, or gasoline bulk station or plant, provided as much as seventy-five (75) per cent of the gross proceeds of the business done thereat is derived from the selling, storing, or distributing of petroleum products. . . ." (Emphasis added)

The inclusion of the underlined phrase with respect to lumber dealers and its omission with respect to service stations might, under some circumstances, indicate that the base figure for the latter is to be something other than the amount of business done during the preceding calendar year. However, the cardinal consideration in the construction of any statute is the intention of the legislature. As is said in 39 Tex. Jur. 166:

"'The intention of the Legislature in enacting a law is the law itself,' 'the essence of the law,' and the spirit which gives life' to the enactment. Hence the aim and object of construction is to ascertain and enforce the legislative intent, and not to defeat, nullify or thwart it."

Hon. Geo. H. Sheppard, Page 3

Any principle of construction which might be employed to reach the conclusion that the omission of this phrase with respect to service stations results in their having a different period of time as a base for the figure of seventy-five per cent necessarily is but a principle which serves as an aid in ascertaining the presumed intention of the legislature. If the intention of the legislature is revealed in other portions of the statute, and if such intention indicates a result contrary to that which would be reached through the application of such principle of construction, obviously such principle is inapplicable since the end to which it is but a means may be otherwise attained.

The chain store tax is payable in advance, and all such taxes are for a period of one year. Taxes for the succeeding year must be paid, and the license thereby obtainable applied for, by the thirty-first day of December of a given year. Article 1111d(4)(5). Obviously at the time of such application the only period of time which can be used as a base is the period preceding the payment of the tax and the application for the license. It cannot be thought that the legislature intended to require the payment of the tax by the thirty-first day of December of a given year and then to subdivide the succeeding year into periods in which the station did or did not do seventy-five per cent of its business in petroleum products. The entire framework of the tax reveals that the legislature was imposing an annual tax upon all stores and mercantile establishments except those whose business during the preceding year was such as to bring them within the exceptions contained in the statute.

Consequently, you are respectfully advised that gasoline filling stations, service stations and gasoline bulk stations and plants are exempt from payment of the tax levied by Section 5 of the chain store tax law if at least seventy-five per cent of the gross proceeds of their business done during the preceding year is derived from the selling, storing or distributing of petroleum products.

Your second question reads as follows:

"I will also thank you to advise whether the current year store tax applies against a new lumber yard, or against a new gasoline filling station."

Hon. Geo. H. Sheppard, Page 4

Sections 1, 2 and 5 of the chain store tax law specifically levy a tax upon persons who "operate, maintain, open or establish" stores or mercantile establishments as therein described. Moreover, Section 5 provides for situations in which stores are to be opened after the first day of January as follows:

". . . upon the issuance of any license after the first day of January of any one year, there shall be collected such fractional part of the license fee hereinabove fixed as the remaining months in the calendar year (including the month in which such license is issued) bear to the twelve-month period."

It seems plain that the legislature levied a tax generally on stores which are "opened" or "established" at any time during the year and that such tax is due on new lumber yards and new service stations unless such establishments are exempt under the "seventy-five per cent" clauses of the statute. These clauses are in the nature of exceptions or provisos and as such are to be strictly construed. As is said in 39 Tex. Jur. 277-278:

"Exceptions and provisos are, as a rule strictly construed and applied. Although the construction must be in harmony with the legislative intent as disclosed by the section in which it is contained and by the act as a whole, an exception or proviso will not be extended beyond its plain terms, and one who claims its benefit will be required to show that he comes within its terms."

A lumber yard is exempt from payment of the tax only if at least seventy-five per cent of the proceeds of the business done during the preceding calendar year was derived from described products; under our answer to your first question, the same formula is applicable to gasoline service stations. As can be seen from the above quotation, these provisos will not be extended beyond their plain terms and one who claims their benefits must show that he comes within their terms.

Hon. Geo. H. Sheppard, Page 5

Since it is impossible for new stores to come within the terms of these clauses, we conclude that such stores remain taxable under the general provisions of the statute.

Consequently, your second question is answered in the affirmative.

Trusting that the foregoing satisfactorily answers your inquiries, we are,

APPROVED OCT 18, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead
R. Dean Moorhead
Assistant

RDM:fo

